

```
Michael D. Rounds
Matthew D. Francis
SKINNER, WATSON & ROUNDS
548 California Avenue
Reno, Nevada 89509
(775) 324-4100

Attorneys for Plaintiffs
Reno Air Racing Association, Inc.
```



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

CV-N-02-0474-HDM-RAM

| | |
|---|---|
| RENO AIR RACING ASSOCIATION, INC., a Nevada non-profit corporation, | ) Case No.<br>)<br>) |
| Plaintiff, | ) **COMPLAINT**<br>) |
| v. | )<br>) |
| JERRY McCORD, an individual, d/b/a WESTERN SALES, | )<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff Reno Air Racing Association, Inc. ("Reno Air Racing"), for its Complaint against Defendant Jerry McCord d/b/a Western Sales ("Defendant") alleges the following:

### Jurisdiction and Venue

1. This is a federal and common law trademark action. Jurisdiction is based on federal question pursuant to 28 U.S.C. § 1338(a) and (b).

2. Venue is proper pursuant to 28 U.S.C. § 1391 and in the Reno Division of the District of Nevada.

### The Parties

3. Reno Air Racing is a Nevada non-profit corporation with its principal place of business located in Reno, Nevada.




4.  On information and belief, Defendant Jerry McCord is an individual residing in Washoe County and doing business as "Western Sales." Upon information and belief Defendant's principal place of business is located in Reno, Nevada.

### Facts

5.  Since 1964, Reno Air Racing has organized, promoted and operated the "National Championship Air Races" event at the Reno/Stead airport just outside of Reno, Nevada. The event is also commonly referred to as the "Reno Air Races" (referred to herein as the "Reno Air Races").

6.  The Reno Air Races event brings airplanes of almost every vintage and make from all over the world, and the airplanes participate in either air races or air shows, or are displayed for viewing by spectators that attend the event. The air races, in which six different classes of airplanes race around pylons positioned within the vicinity of the Reno/Stead Airport, are the only races of this kind in the world.

7.  The Reno Air Races event is advertised and promoted through television, radio, magazines, newspapers, pamphlets, brochures, billboards, posters and the Internet. Since the inception of the event, Reno Air Racing has spent millions of dollars advertising and promoting the Reno Air Races event. Much of this advertising has specifically used the name "Reno Air Races" to identify the event, and Reno Air Racing has referred to the event as "Reno Air Races" in its communications with the public and media.

8.  As a result of the substantial advertising and the

world-wide recognition the Reno Air Races has generated over the years, the event is attended by fans from all over the world, as well as by local fans. The event has generated tens of millions of dollars in revenue for Reno Air Racing and the local economy since its inception.

9. Since the initial Reno Air Races event commenced in September of 1964, and through the present date, Reno Air Racing has used a unique logo featuring a checkered pylon with two airplanes circling it ("pylon logo"). Through the years, the logo has been featured in all forms of print and electronic advertising, as well as merchandise such as posters, t-shirts, golf shirts, denim shirts, jackets, hats, sweat shirts, lapel pins, watches and vests.

10. Reno Air Racing has two (2) incontestable federal registrations in four (4) classes for its pylon logo, Registration Numbers, 1,322,146 and 1,371,797. The classes that the pylon logo is registered in include entertainment services, printed materials, cloth patches, caps and t-shirts.

11. As noted, in addition to referring to the event as the "National Championship Air Races," Reno Air Racing has continuously identified the event as the "Reno Air Races" from its inception through the present. This derivative Mark has been advertised in generally the same fashion as the parent mark throughout the years. As a result of the advertising and promotion that identify the event as the "Reno Air Races, the media and public both commonly refer to the event as the "Reno Air Races." The pylon logo and the "Reno Air Races" marks will be referred to collectively as the "Marks."

-3-

12. Prior to the infringing use of the aforementioned Marks by Defendant, Plaintiff's Marks became recognized and relied upon by consumers as identifying the products and services of Reno Air Racing and distinguishing these goods and services from the goods and services of others. The Marks thus represent the goodwill belonging exclusively to Reno Air Racing.

13. On September 12, 2002, Reno Air Racing learned that an individual by the name of Jerry McCord doing business as "Western Sales" was selling t-shirts for the September 12-15, 2002 "Reno Air Races" event that contained the "Reno Air Races" trademark and two airplanes circling pylons.

14. Defendant's unauthorized use of their infringing Mark creates a likelihood of confusion, mistake and deception as to the affiliation, connection, association, origin, sponsorship or approval of its goods and services by or with Reno Air Racing, all to Reno Air Racing's irreparable loss and damage.

15. Upon information and belief, confusion of consumers will likely occur as a result of the acts of Defendant complained of herein unless Defendant is enjoined from continuing said acts. Furthermore, Reno Air Racing will suffer irreparable injury to its reputation and goodwill unless Defendant is so enjoined.

16. Reno Air Racing has been damaged by Defendants' willful misconduct in an amount according to proof.

///
///

## CLAIM I

### Lanham Act Violation

### 15 U.S.C. § 1114(a)

17. Reno Air Racing repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

18. By the acts complained of herein, Defendant has used in connection with their business and products a reproduction, counterfeit, copy or colorable imitation of Reno Air Racing's pylon logo Mark in connection with the sale, offering for sale, distribution and advertising of its goods and services, and such use is likely to cause confusion, mistake and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

19. Reno Air Racing has been damaged by Defendant's willful infringement in an amount according to proof.

### Claim II

### Lanham Act Violation

### 15 U.S.C. § 1125(a)

20. Reno Air Racing repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

21. Defendant's use of its infringing "Reno Air Races" mark constitutes a false designation of origin, description or representation, which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of Defendant with Reno Air Racing, or as to the origin, sponsorship or approval of Defendant's goods and

-5-

services by Reno Air Racing, in violation of 15 U.S.C. § 1125(a).

22.   Reno Air Racing has been damaged by Defendant's willful infringement in an amount according to proof.

**PRAYER FOR RELIEF**

Reno Air Racing respectfully requests this Court for the following relief:

1.   Reno Air Racing be awarded its damages and Defendant's profits attributable to Defendant's infringement of the Mark pursuant to 15 U.S.C. § 1117(a);

2.   Reno Air Racing be awarded three times the profits attributable to Defendant's infringement of the Mark pursuant to 15 U.S.C. § 1117(a);

3.   Reno Air Racing be awarded its reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117(a);

4.   An accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Reno Air Racing, reflecting the value of Defendant's unjust enrichment gained through its acts complained of herein;

5.   Reno Air Racing be awarded prejudgment interest on any monetary award;

6.   An injunction be issued against Defendant's and their servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from: (a) any further infringing use of the Marks, or any mark confusingly similar thereto; (b) further holding itself out to the public as being affiliated with or sponsored by Reno Air Racing in any manner,

Case 3:02-cv-00474-HDM-RAM   Document 2   Filed 09/13/02   Page 7 of 8

or committing any acts likely to imply any such relationship or affiliation; and (c) requiring Defendant to deliver to Reno Air Racing for destruction all material in Defendant's possession or control bearing the infringing mark or any other designations confusingly similar thereto; and

7.  Such other and further relief as this Court deems just and proper.

DATED this 13th day of September, 2002.

SKINNER, WATSON & ROUNDS

By: *Michael D. Rounds*
Michael D. Rounds
Matthew D. Francis
548 California Avenue
Reno, Nevada 89509
(702) 324-4100

Attorneys for Plaintiffs
Reno Air Racing Association, Inc.

-7-

# United States District Court

DISTRICT OF NEVADA

| | |
|---|---|
| RENO AIR RACING ASSOCIATION, INC., a Nevada non-profit corporation,<br><br>Plaintiff,<br><br>V.<br><br>JERRY McCORD, an individual d/b/a WESTERN SALES<br><br>Defendant. | **SUMMONS IN A CIVIL ACTION**<br><br>CASE NUMBER:<br><br>CV-N-02-0474-HDM-RAM |

TO: (Name and Address of Defendant)
Jerry McCord
d/b/a Western Sales
646 Eureka Avenue
Reno, NV  89512

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
Michael D. Rounds
Skinner, Watson & Rounds
548 California Avenue
Reno, NV  89509

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

LANCE S. WILSON, CLERK

| | |
|---|---|
| CLERK<br>LISA MANN <br>BY DEPUTY CLERK | DATE  SEP 13 2002 |